## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

BRIAN PERRY,

        Plaintiff,

v.                                       Case No. 8:22-cv-2196-JRK

MARTIN J. O'MALLEY,
Commissioner of Social Security,[1]

        Defendant.
_____

## **OPINION AND ORDER**[2]

## **I.   Status**

Brian Perry ("Plaintiff") is appealing the Commissioner of the Social

Security Administration's ("SSA's") final decision denying his claim for

disability insurance benefits ("DIB"). Plaintiff's alleged inability to work is the

result of severe asthma, migraine headaches, atopic dermatitis,

gastroesophageal reflux disease, sinusitis, tinnitus, ageusia status post

rhinoseptoplasty and polypectomy, anosmia status post rhinoseptoplasty and

---

[1]     Mr. O'Malley was sworn in as Commissioner of the Social Security Administration on December 20, 2023. Pursuant to Rule 25(d)(1), Federal Rules of Civil Procedure, Mr. O'Malley should be substituted for Kilolo Kijakazi as Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2]     The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 7), filed December 14, 2022; Reference Order (Doc. No. 10), entered December 14, 2022.

polypectomy, perennial allergic rhinitis status post sinonasal polyposis, loss of taste and smell, sleep impairment, paranoia, post-traumatic stress disorder, anxiety, behavioral and cognitive problems, and depression. Transcript of Administrative Proceedings (Doc. No. 8; "Tr." or "administrative transcript"), filed December 14, 2022, at 78, 97, 196, 255. Plaintiff protectively filed an application for DIB on June 16, 2020, alleging a disability onset date of September 28, 2019.[3] Tr. at 165-66. The application was denied initially, Tr. at 76, 77-94, 95, 109-11, and upon reconsideration, Tr. at 96, 97-108, 114-17.

On May 12, 2022, an Administrative Law Judge ("ALJ") held a hearing,[4] during which she heard testimony from Plaintiff, who was unrepresented, and a vocational expert ("VE"). See Tr. at 47-75. On May 24, 2022, the ALJ issued a Decision finding Plaintiff not disabled through the date of the Decision. See Tr. at 10-22.

Thereafter, Plaintiff sought review of the Decision by the Appeals Council and submitted a letter authored by counsel he had obtained after the Decision was issued. See Tr. at 4-5 (Appeals Council exhibit list and order), 29-34 (attorney fee agreement and related documents), 162-64 (request for review),

---

[3] Although actually completed on June 17, 2020, see Tr. at 165, the protective filing date for the DIB application is listed elsewhere in the administrative transcript as June 16, 2020, see, e.g., Tr. at 78, 97.

[4] The hearing was held via telephone with Plaintiff's consent because of extraordinary circumstances caused by the early stages of the COVID-19 pandemic. Tr. at 45, 49-50, 135, 155, 159.

313 (letter). On August 17, 2022, the Appeals Council denied Plaintiff's request for review, Tr. at 1-3, thereby making the ALJ's Decision the final decision of the Commissioner. On September 22, 2022, Plaintiff commenced this action through different counsel under 42 U.S.C. § 405(g) by timely filing a Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final decision.

On appeal, Plaintiff contends the ALJ: 1) "erred by failing to comply with SSR 00-4p" regarding the VE's testimony conflicting with the Dictionary of Occupational Titles ("DOT"); and 2) "err[ed] in failing to fully and fairly develop the record" by electing not to order a mental consultative evaluation and obtain additional mental evidence, especially in light of Plaintiff's pro se status. Memorandum in Opposition to the Commissioner's Decision (Doc. No. 12; "Pl.'s Mem."), filed January 13, 2023, at 3; see id. at 3-5 (argument on first issue), 5-8 (argument on second issue). On February 3, 2023, Defendant filed a Memorandum in Support of the Commissioner's Decision (Doc. No. 13; "Def.'s Mem.") addressing the issues.

After a thorough review of the entire record and consideration of the parties' respective arguments, the undersigned finds that the Commissioner's final decision is due to be reversed and remanded for further development of the record on the effects of Plaintiff's mental impairments. On remand, further development may impact the Administration's consideration of the remaining issue on appeal. For this reason, the Court need not address the parties'

arguments on that issue. See Jackson v. Bowen, 801 F.2d 1291, 1294 n.2 (11th Cir. 1986) (per curiam) (declining to address certain issues because they were likely to be reconsidered on remand); Demenech v. Sec'y of the Dep't of Health & Human Servs., 913 F.2d 882, 884 (11th Cir. 1990) (per curiam) (concluding that certain arguments need not be addressed when the case would be remanded on other issues).[5]

## II.   The ALJ's Decision

When determining whether an individual is disabled,[6] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. § 404.1520; see also Simon v. Comm'r, Soc. Sec. Admin., 7

---

[5]     Plaintiff has also filed a Motion to Remand Under the Sixth Sentence of 42 U.S.C. § 405(g) (Doc. No. 14; "Motion"), to which Defendant responded in opposition (Doc. No. 15). Because this matter is due to be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g), the Motion is MOOT. On remand, the Administration shall ensure consideration of the evidence Plaintiff submitted with his Motion, if appropriate.

[6]     "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

F.4th 1094, 1101-02 (11th Cir. 2021) (citations omitted); <u>Phillips v. Barnhart</u>, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. <u>Bowen v. Yuckert</u>, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step inquiry. <u>See</u> Tr. at 13-21. At step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since September 28, 2019, the alleged onset date." Tr. at 13 (emphasis and citation omitted). At step two, the ALJ found that Plaintiff "has the following severe impairments: cervical degenerative disc/joint disease, asthma, anxiety disorder, major depressive disorder, and post-traumatic stress disorder (PTSD)." Tr. at 13 (emphasis and citation omitted). At step three, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 13 (emphasis and citation omitted).

The ALJ determined that Plaintiff has the following residual functional capacity ("RFC"):

> [Plaintiff can] perform medium work as defined in 20 CFR [§] 404.1567(c) except he must avoid concentrated exposure to extreme cold, extreme heat, atmospheric conditions, and hazards. He can understand, remember, and carry out simple instructions; he can maintain attention, concentration, and pace for 2 hour increments in an 8 hour workday; and he can tolerate

> changes in the workplace that are infrequent and
> gradually introduced.

Tr. at 15 (emphasis omitted).

At step four, the ALJ found that Plaintiff "is unable to perform any past relevant work" as a "data entry clerk" and a "firefighter." Tr. at 20 (some emphasis, capitalization, and citation omitted). At the fifth and final step of the sequential inquiry, after considering Plaintiff's age ("36 years old . . . on the alleged disability onset date"), education ("at least a high school education"), work experience, and RFC, the ALJ relied on the VE's testimony and found that "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform," Tr. at 20 (emphasis and citations omitted), such as "laundry laborer," "kitchen helper," and "hospital cleaner," Tr. at 21 (emphasis and some capitalization omitted). The ALJ concluded Plaintiff "has not been under a disability . . . from September 28, 2019, through the date of th[e D]ecision." Tr. at 21 (emphasis and citation omitted).

### III.   Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. § 405(g). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a

preponderance.'" <u>Dyer v. Barnhart</u>, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting <u>Hale v. Bowen</u>, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Falge</u>, 150 F.3d at 1322 (quoting <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971)); <u>see also</u> <u>Biestek v. Berryhill</u>, 139 S.Ct. 1148, 1154 (2019); <u>Samuels v. Acting Comm'r of Soc. Sec.</u>, 959 F.3d 1042, 1045 (11th Cir. 2020) (citation omitted). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." <u>Cornelius v. Sullivan</u>, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. <u>Crawford v. Comm'r of Soc. Sec.</u>, 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV. Discussion

Plaintiff argues the ALJ erred in failing to fully and fairly develop the record, especially in light of Plaintiff's <u>pro se</u> status. Pl.'s Mem. at 5-8. In particular, Plaintiff asserts the ALJ should have ordered a mental consultative evaluation because of Plaintiff's documented psychological challenges. <u>Id.</u> at 6. Moreover, Plaintiff contends the ALJ—aware that Plaintiff has received a 100% service-connected disability rating from the Department of Veterans Affairs

("VA")—should have "requested the VA claims file . . . or advised [Plaintiff] to obtain a copy and submit the same to her." Id. at 7. Responding, Defendant argues Plaintiff validly waived his right to counsel, the ALJ was not required to order a mental consultative evaluation, and the ALJ had no duty to acquire additional information from the VA. Def.'s Mem. at 12-18.

A claimant has a statutory right to be represented at a hearing before an ALJ. 42 U.S.C. § 406; see also Brown v. Shalala, 44 F.3d 931, 934 (11th Cir. 1995); Smith, 677 F.2d at 828. The Commissioner "has a duty to notify [the] claimant of his or her right to [representation] before the hearing." Smith, 677 F.2d at 828 (citation omitted). Though the right to be represented may be waived by the claimant, the waiver must be knowing and voluntary. See Brown, 44 F.3d at 935; Smith, 677 F.2d at 828. "[S]uch a waiver must establish, at some point, that the claimant is properly apprised of his [or her] options concerning representation to be effective." Smith, 677 F.2d at 828 (citation and internal quotation marks omitted).

"When an unrepresented claimant unfamiliar with administrative hearing procedures appears before an ALJ, the ALJ is under an obligation to develop a full and fair record; i.e. the record must disclose that there has been a full and fair hearing." Kelley v. Heckler, 761 F.2d 1538, 1540 (11th Cir. 1985) (emphasis and citation omitted). If the claimant did not validly waive the right to be represented, "the ALJ is under a 'special duty' to develop a full and fair

hearing by conscientiously probing into all relevant facts." Id. n.2 (citations omitted). "This duty requires, essentially, a record which shows that the claimant was not prejudiced by the lack of [representation]." Id. (quoting Smith, 677 F.2d at 829). In examining whether a claimant was prejudiced by the lack of representation, a reviewing court must ensure the ALJ "scrupulously and conscientiously probe[d] into, inquire[d] of, and explore[d] for all the relevant facts." Brown, 44 F.3d at 934-35 (quoting Smith, 677 F.2d at 829).

Conversely, if the claimant validly waived the right to be represented, the claimant must show "clear prejudice or unfairness" caused by the lack of representation to prove that he was denied a full and fair hearing.[7] Kelley, 761 F.2d at 1540 n.2 (quoting Clark v. Schweiker, 652 F.2d 399, 404 (5th Cir. 1981)). Of particular importance is "whether the record reveals evidentiary gaps which result in unfairness or 'clear prejudice.'" Brown, 44 F.3d at 935. Missing medical documentation or documentation of vocational services supporting a claim of disability can be prejudicial, especially when it relates to treatment occurring

---

[7]      The United States Court of Appeals for the Eleventh Circuit has stated the following regarding the two standards and their application:

> These two standards appear to differ only in degree. Both require that the ALJ fully develop the record. Both require a showing of prejudice to necessitate a remand to the [Commissioner] for reconsideration. The only discernable difference is that a more specific showing of prejudice is required if [a] claimant did not waive his [or her] right to [representation].

Kelley, 761 F.2d at 1540 n.2.

near or during the period in which the claimant is eligible for disability insurance benefits. See id.

The Regulation applicable to the VA disability rating (applicable to all claims filed on or after March 27, 2017), directs that a SSA ALJ will "not provide any analysis . . . about a decision made by another governmental agency . . . about whether [a claimant is] disabled." 20 C.F.R. § 404.1504 (2017).   The Regulation further directs: "However, we will consider all of the supporting evidence underlying the other governmental agency['s] . . . decision that we receive as evidence in your claim."   Id.; see also Noble v. Comm'r of Soc. Sec., 963 F.3d 1317, 1324 (citation omitted) (11th Cir. 2020) (noting this requirement of the 2017 version of the Regulation).

Here, prior to the hearing, the Administration sent Plaintiff correspondence that advised Plaintiff of his right to representation, explained what a representative could do, explained possible charges, and included a list of potential representatives along with contact information. Tr. at 114, 122, 125-29, 142-43. Plaintiff appeared at the hearing without counsel or a representative. Tr. at 49. The ALJ at the beginning of the hearing addressed the representation issue:

> ALJ: . . . I see that you're not represented today. It's your right to receive a postponement to get representation. Just to go over what your rights are in relation to that, a representative does things like obtains medical records, explains medical terms, and

presents the information in a light most favorable to your case. There are organizations, like Legal Aid, that can represent you if you meet their criteria and that's usually needs best - - excuse me, needs based. And then they can charge a percentage up to 25% or $6,000 of back benefits, whichever is less. Of course, it's your right to proceed without a representative. What would you like to do today?

CLMT: Good morning, everyone. Melissa and Your Honor, I would just like to go ahead and proceed forward at this time.

ALJ: Okay. That's just fine. So, I need to confirm that you wish to waive an in-person hearing and proceed via telephone. Is that correct?

CLMT: That is correct.

Tr. at 49-50.

Under the circumstances, and in light of Plaintiff's election not to seriously contest the validity of his waiver, the undersigned finds Plaintiff knowingly and voluntarily waived his right to representation at the hearing.

The ALJ, however, still had a duty to fully and fairly develop the record. This, the ALJ did not adequately do. The record contains evidence that Plaintiff, a veteran who was in "supportive operations in Iraq and Afghanistan," Tr. at 53, 58, suffers from a variety of mental challenges. He "was Baker Acted in 2015." Tr. at 58. His medical records reflect diagnoses of PTSD, major depressive disorder, and anxiety disorder, all of which the ALJ recognized. Tr. at 19 (ALJ Decision); see, e.g., Tr. at 563-664, 774-827, 898-914. The ALJ did order consultative examinations, but they focused on the physical aspects of

Plaintiff's capacities, not the mental ones (one did at least note the mental diagnoses). <u>See</u> Tr. at 16, 18 (ALJ discussing consultative opinions). When it came time to discuss the opinion evidence, the ALJ rejected two mental treating opinions as "vague in nature without any specific limitations."[8] Tr. at 17. The ALJ accepted, for the most part, the non-examining opinions about Plaintiff's mental limitations. Tr. at 15, 17. Nowhere in the Decision did the ALJ acknowledge or discuss the 100% disability rating assigned by the VA or observe that the record did not contain the underlying decision evidence supporting the rating.

Under these circumstances, the ALJ failed to fully and fairly develop the record on Plaintiff's mental limitations, and there are evidentiary gaps resulting in clear prejudice. The reliance solely on non-examining opinions as to Plaintiff's mental limitations, notwithstanding the vast treatment records documenting significant mental challenges, resulted in an undeveloped record. Moreover, the ALJ's election not to obtain the underlying decision evidence supporting the VA rating contributed to the evidentiary gaps on this issue. Plaintiff suffered clear prejudice by not having a fully developed record on his mental limitations. Reversal with remand is required.

---

[8]     The ALJ also found one of them was "not an acceptable medical source to render an opinion." Tr. at 18.

## V.   Conclusion

In light of the foregoing, it is

**ORDERED**:

1.      The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), **REVERSING** the Commissioner's final decision and **REMANDING** this matter with the following instructions:

(A)     Fully and fairly develop the record on Plaintiff's mental limitations;

(B)     If appropriate, address Plaintiff's other argument in this appeal; and

(C)     Take such other action as may be necessary to resolve this claim properly.

2.      The Clerk is further directed to close the file.

**DONE AND ORDERED** in Jacksonville, Florida on March 8, 2024.

JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies to:
Counsel of Record